Dear Mr. Manning:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of the Department of Economic Development, you have asked for our opinion regarding the applicability of La. Rev. Stat. 37:3298(D).
Your request indicates that the Department of Economic Development has been assigned the duty of administering and leasing the old State Farm Insurance facility located in the Monroe area which was purchased by the State for economic development purposes. As part of those duties, the Department has been providing security services for the building. M K Security, LLC is currently providing security guard services at the facility on an emergency basis until a contract is awarded.
Your request further indicates that the Department has advertised for public bid for a security services contract and two bids were received. The low bidder was not licensed and was not considered. M K Security, LLC was the other bidder. You go on to mention that M K Security, LLC is owned by a deputy sheriff and the Department has concerns about whether it is legal to contract for security services with a company owned by a deputy sheriff.
Specifically, you reference Attorney General Opinion No. 03-0048 and La. Rev. Stat. 14:140 which, in your view, appears to prohibit a deputy sheriff from owning an interest in such a company. You have asked for our opinion as to whether La. Rev. Stat. 37:3298 (D) is applicable to the present scenario and if it is legal for the Department to contract with M K Security, LLC to provide security services for the State Farm Building.
La. Rev. Stat. 14:140 provides the following: *Page 2 
 § 140. Public contract fraud
 A. Public contract fraud is committed:
 (1) When any public officer or public employee shall use his power or position as such officer or employee to secure any expenditure of public funds to himself, or to any partnership of which he is a member, or to any corporation of which he is an officer, stockholder, or director; or
 (2) When any member of any public board, body, or commission charged with the custody, control, or expenditure of any public funds votes for or uses his influence to secure any expenditure of such funds to himself, or to any partnership of which he is a member, or to any corporation of which he is an officer, director, or stockholder.
 (3) When any sheriff charged with the duties of enforcing the laws of this state or any political subdivision thereof shall enter into a contract, either written or oral, individually or as a member or stockholder of any partnership, company, or corporation, with any such person whereby such sheriff or partnership, company, or corporation, of which he is a member or stockholder is to perform any services of a law enforcement nature; provided, however, a deputy sheriff may, as an employee only, perform services of a law enforcement nature for any person, partnership, company, or corporation, but only if said deputy sheriff fulfills his employee performance requirements while not on official duty.
 The fact that an expenditure has been made to any party named in Paragraphs (1) and (2) of this Section, or to any partnership of which he is a member, or to any corporation of which he is an officer, stockholder, or director, shall be presumptive evidence that such person has used his power, position, or influence to secure such expenditure. (Emphasis added).
 B. Whoever commits the crime of public contract fraud shall be fined not more than one thousand dollars, or imprisoned, with or without hard labor, for not more than two years, or both. (emphasis added).
In Attorney General Opinion No. 03-0048, we recognized that our previous opinions opined that a deputy sheriff may not hold an ownership interest in any partnership, company, or corporation where the venture is to perform any services of a law enforcement nature. Further, he may not be a stockholder or member of such an entity, *Page 3 
nor may he serve as a director of a company which provides security services. See Attorney General Opinions 97-528 and 81-612.
Accordingly, in response to the question of whether it was a violation of La. Rev. Stat. 14:140 for a deputy sheriff to own an interest in or be a director, stockholder or member of a firm providing security services, we answered in the affirmative. See Attorney General Opinion No. 03-0048
With respect to the question at hand, our review of the specific language of La. Rev. Stat. 37:3298 (D) fails to reveal any indication that La. Rev. Stat. 37:3298 (D) operates as an exemption to the general prohibition outlined in La. Rev. Stat. 14:140.
La. Rev. Stat. 37:3298 (D) provides the following:
 D. This Chapter shall not apply to a peace officer or to a contract security business owned by a peace officer who is employed by the Fourth Judicial District by a state, parish, or local law enforcement agency and has off-duty employment with a private security business or agency. Such business or agency or peace officer shall have in effect the required insurance as provided in this Chapter.
The chapter referenced by La. Rev. Stat. 37:3298 (D) is Chapter 47 of Title 37 of the Louisiana Revised Statutes. Chapter 47 is entitled "Private Contract Security Companies" and addresses the licensure of private security agents and businesses, and also sets forth certain qualifying criteria. See La. Rev. Stat. 37:3270. In our view, La. Rev. Stat. 37:3298(D) simply exempts certain individuals from the licensing and qualifying requirements outlined in Chapter 47. La. Rev. Stat.37:3298 (D) has no bearing on the provisions of La. Rev. Stat. 14:140.
Accordingly, it is the opinion of this office that a deputy sheriff may not hold an ownership interest in any partnership, company, or corporation where the venture is to perform any services of a law enforcement nature. In our view, it would be illegal for the Department of Economic Development to contract with M K Security, LLC.
Further, as these are issues subject to the enforcement authority of the Board of Ethics, complaints or requests for advisory opinions should be submitted to the Louisiana State Board of Ethics, 2415 Quail Drive, Baton Rouge, Louisiana, 70808, phone 225-763-8777. *Page 4 
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly, JAMES D. "BUDDY" CALDWELLATTORNEY GENERAL
BY: _____________________________MICHAEL J. VALLANAssistant Attorney General
 JDC/MJV/crt